IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN ALAN GARDNER, #29407-179, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0254-M |
| | § | |
| WARDEN MAUREEN CRUZ, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I.  BACKGROUND**

This is a *pro se* petition for a writ of habeas corpus filed by a federal prisoner under 28 U.S.C. § 2241. Petitioner is currently confined within the Federal Bureau of Prisons (BOP) at the Federal Correction Institution (FCI) in Seagoville, Texas. Respondent is the Warden of FCI Seagoville. At issue is Respondent's motion to dismiss filed on May 10, 2010, to which Petitioner has not responded.

Petitioner is presently serving a 121 month sentence, with lifetime supervised release, for distribution of child pornography and possession of child pornography involving the sexual exploitation of minors. *United States v. Gardner*, 4:04-CR-0177-001 (S.D. Tex., Houston Div., 2004). He challenges (1) the BOP's calculation of his Residential Reentry Center (RRC) placement, also referred to as halfway house, under 18 U.S.C. § 3624(c), and (2) the BOP's decision to disqualify him for sentence reduction credit under 18 U.S.C. § 3621 after completion

of the Residential Drug Abuse Program (RDAP). Petitioner exhausted his administrative remedies before filing the petition in this case.

In moving to dismiss the RRC placement claim, Respondent asserts Petitioner seeks an advisory opinion over which the court lacks subject matter jurisdiction. Alternatively, she argues the RRC placement claim lacks merit. With regard to the RDAP claim, Respondent asserts Petitioner is not entitled to relief.

## II.  ANALYSIS

Article III justiciability doctrines, including ripeness, "are essential components of federal subject matter jurisdiction." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam). The ripeness doctrine prevents courts from deciding a case or controversy that is premature or speculative. *See id.*; *Shields v. Norton,* 289 F.3d 832, 834-35 (5th Cir. 2002).

> Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'"

*Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 807-08 (2003) (quoted case omitted).

Petitioner's projected release date with good time credit is February 13, 2013. (Resp't Mot. Dismiss, attached C. Gray's Declaration at 3-4.) On February 23, 2010, after the filing of this action, Petitioner's Unit Team reviewed his suitability for RRC placement and recommended a preliminary RRC placement of 180 days. (*Id*.) The Unit Team will make a final determination on the recommended amount of RRC time 17-19 months before Petitioner's projected release date. (*Id.*)

Because BOP has yet to make a final administrative decision regarding Petitioner's RRC placement, Petitioner's claim that he will be denied the RRC placement he requests is speculative. Thus, Petitioner's RRC placement claim is not ripe, and should be dismissed for want of jurisdiction. *See Stewart v. Cruz*, 2010 WL 1286543, at 1-2 (N.D. Tex. 2010), recommendation adopted, 2010 WL 1286486 (N.D. Tex. 2010) (3:10-CV-0538-K) (claims brought by federal prisoner challenging validity of BOP regulations regarding release to RRC, or halfway house, brought more than 17-19 months before projected release, were not ripe for review); *Santos v. Berkebile*, 2008 WL 2330920, at 2 (N.D. Tex. 2008) (3:08-CV-0192-D) (same); *Cotton v. Tamez,* 2008 WL 495843, at 3 (N.D. Tex. 2008) (4:07-CV-701-A) (same).

Petitioner's RDAP claim fares no better. 18 U.S.C. § 3621(e) allows the BOP discretion to reduce the sentence of a prisoner convicted of a nonviolent offense, by up to one year, upon successful completion of a substance abuse treatment program. *See Lopez v. Davis*, 531 U.S. 230, 233-34, 238 (2001). The BOP has broad discretion to determine which prisoners may participate in the treatment programs, and which prisoners are eligible for sentence reductions after they successfully complete the programs. *Venegas v. Henman*, 126 F.3d 760, 762 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit held that this grant of discretion indicates that a prisoner has no entitlement, hence no liberty interest in early release, even if he was provisionally determined to be eligible for early release. *Richardson v. Joslin*, 501 F.3d 415, 418-20 (5th Cir. 2007).

Here, BOP exercised the discretion conferred by § 3621(e) in denying early release. Petitioner's 2005 Colorado conviction for sexual assault of a child, imposed after his federal conviction, renders him ineligible under 28 C.F.R. § 550.58(a)(vi)(D). (*See* Sealed Declaration

at 3 and Attach. 3 at 2.)  Petitioner has not demonstrated the BOP abused its discretion in denying early release.  Therefore, he is not entitled to relief.[1]

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (Doc. #7) be **GRANTED** and Petitioner's Residential Reentry Center placement claim be **DISMISSED** without prejudice for want of jurisdiction.  It is further recommended that Petitioner's Residential Drug Abuse Program claim be **DENIED** on the merits.

SIGNED July 19, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Effective March 15, 2009, 28 C.F.R. § 550.58 was amended and is currently codified at 28 C.F.R. § 550.55(b)(5)(iv).  The statutory language remains the same.